UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAY ANTHONY CHANEY                                                                      PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:13CV463-HSO-RHW

JIM HOOD                                                                                DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Ray Anthony Chaney filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging a 1981 conviction and sentence out of the Jackson County Circuit Court.  Doc. [1].  He filed an amended petition on January 27, 2014.  Doc. [5].  Respondent has filed a motion to dismiss based on the following grounds:  (1) Chaney fails to meet the "in custody" requirement of § 2254; (2) Chaney improperly attacks an expired state court conviction;  (3) Chaney's petition is untimely because it was filed more than one year after his conviction became final; and (4) Chaney failed to exhaust his state court remedies.  Doc. [15].

On December 18, 1981, Chaney pleaded guilty to burglary of a dwelling.  Doc. [15-1].  He received a 10-year sentence, but with the sentence suspended for a period of five years during which time Chaney was placed on probation.  *Id.*  By order dated March 11, 1983, the Jackson County Circuit Court revoked Chaney's probation.  Doc. [15-2].  Ultimately, the Mississippi Department of Corrections (MDOC) released Chaney from custody on February 24, 1997.  *See* doc. [15-3].  Although his sentence has expired, Chaney apparently challenges the 1981 conviction because it has been used to enhance a later federal sentence.  Doc. [1] at 1; *Chaney v. United States*, 1:07cr12-LG-RHW (S.D. Miss.).

## "In Custody" Requirement

As a jurisdictional prerequisite of § 2254, a petitioner must meet the "in custody"

requirement. *See* 28 U.S.C. § 2241(c)(3); § 2254(a); *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005). Because Chaney was released from MDOC custody in 1997, he does not appear to meet the "in custody" requirement. However, as the Fifth Circuit has explained, the "in custody" requirement may be met when a petitioner challenges an expired conviction that is being used to enhance a current sentence. *See Godfrey*, 396 F.3d at 684; *Dilworth v. Johnson*, 215 F.3d 497, 500 (5th Cir. 2000). In this case, Chaney challenges the constitutionality of his prior state court conviction because it was used to enhance the federal sentence that he currently serves. Doc. [1] at 1. This raises the threshold question of whether Chaney should have brought his petition pursuant to 28 U.S.C. § 2255 rather than § 2254 because he ultimately is challenging a federal conviction and sentence. The undersigned notes that Chaney previously filed a motion pursuant to § 2255 challenging his federal conviction and sentence; however, U.S. District Judge Louis Guirola denied the motion. *See Chaney*, 1:07cr12 (doc. [42] & [52]). Regardless of whether Chaney meets the "in custody" requirement, the undersigned finds that Chaney's § 2254 petition should be dismissed on at least three other grounds. *See United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992)(pretermitting difficult jurisdictional questions when the case can be resolved on the merits in favor of the same party on alternative grounds).

**Collateral Attack of Prior Conviction Unavailable**

Respondent argues that Chaney is barred from collaterally attacking his prior state court conviction. The prior conviction used to enhance Chaney's federal sentence is no longer open to direct or collateral attack in its own right because Chaney failed to pursue those remedies while they were available. Consequently, he may not now collaterally attack the prior state court conviction. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402-04 (2001);

*Daniels v. United States*, 532 U.S. 374, 379-82 (2001). Chaney filed a motion for post conviction relief in Jackson County Circuit Court, but he did so more than 30 years after his guilty plea and nearly 14 years after the expiration of his sentence. Doc. [15-5]. The trial court dismissed the motion as untimely. Doc. [15-6]. Chaney is now foreclosed from collaterally attacking the prior expired conviction under either § 2254 or § 2255, because the prior conviction is deemed conclusively valid. *See Lackawanna*, 532 U.S. at 402-04; *Daniels*, 532 U.S. at 379-82. Chaney does not meet the narrow exception recognized by the Supreme Court in *Lackawanna*. Specifically, he does not challenge the prior expired conviction under the Sixth Amendment as applied by the Supreme Court in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See id.* Although Chaney argues that his attorney was constitutionally ineffective, he does not assert a claim for failure to appoint counsel. To the contrary, the record reveals that Chaney had the benefit of legal counsel during the state court proceedings against him. *See* docs. [1] at 2 & [16-1] at 18, 22. The undersigned finds that Chaney's prior state court conviction is conclusively valid and therefore may not be challenged pursuant to either § 2254 or § 2255.

**One-Year Time Bar**

Chaney's petition also should be dismissed as untimely because it is barred by the Anti-terrorism and Effective Death Penalty Act's (AEDPA) one-year limitation. 28 U.S.C. § 2244 provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Chaney pleaded guilty to five counts of burglary. The Jackson County Circuit Court sentenced him on December 18, 1981. Because the sentence and conviction became final prior to the enactment of the AEDPA (April 24, 1996), Chaney was entitled to a one-year grace period; therefore, he had until April 24, 1997, to file a timely § 2254 petition. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Chaney did not file the instant petition until December 12, 2013. Thus, his petition is long overdue. Nor is Chaney entitled to any statutory tolling because he did not file any post conviction motions in state court during the grace period of April 24, 1996 to April 24, 1997. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). In his response to the motion to dismiss, Chaney does not dispute Respondent's characterization of the time line.

      The undersigned also finds that Chaney is not entitled to equitable tolling. The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled.

*Holland v. Florida*, 560 U.S. 631, 645-49 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 649.  Chaney fails to demonstrate that he pursued his rights diligently and fails to identify any extraordinary circumstance that would justify equitable tolling of more than 15 years.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

**Exhaustion of State Remedies**

In the alternative, the undersigned finds that Chaney's petition should be dismissed because he failed to exhaust state remedies.  Chaney filed a petition for post-conviction relief in Jackson County Circuit Court, which was file stamped June 13, 2011.  Doc. [15-5].  The circuit court denied the petition by order dated August 18, 2011, finding that the petition was untimely and that it contained no facts or supporting affidavits that would warrant the Court looking past the face of the petition to determine whether Chaney was entitled to any relief.  Doc. [15-6].  The Court of Appeals of Mississippi affirmed the trial court's dismissal of Chaney's petition.  Doc. [15-7].  In so doing, the Court of Appeals held that Chaney's petition fell outside of the three-year time limit for filing a state petition for post-conviction relief.  *Id.*  The court further held that Chaney's bare assertion of ineffective assistance of counsel was insufficient to overcome the time-limit bar.  *Id.*

Respondent argues that Chaney did not file a petition for writ of certiorari with the Mississippi Supreme Court;  therefore, he failed to exhaust state remedies because he did not present his claims to the state's highest court in a procedurally proper manner.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Applicants seeking federal habeas relief under § 2254 are

required to exhaust their claims in state court prior to requesting federal collateral relief. *See* 2254(d); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to complete the exhaustion of state remedies, Chaney was required to present his claims to the Mississippi Supreme Court. *See* Miss. R. App. P. 4 & 17. He did not do so. If Chaney were to attempt to return to state court to exhaust his state remedies, a motion for post-conviction relief would be considered successive and dismissed as procedurally barred. *See* Miss. Code Ann. §§ 99-39-23(6) & 99-39-27(9); *Sneed v. State of Mississippi*, 722 So.2d 1255, 1256 (Miss. 1998). Because the claims are procedurally barred in state court, the undersigned concludes that Chaney's claims are likewise barred from consideration in this court. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would no find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley*, 243 F.3d at 220.

     The Court may still reach the merits of a petitioner's claim despite the procedural bar if the petitioner can show cause for the non-exhaustion and prejudice, or if he can show that the Court's failure to consider the merits of petitioner's claim will result in a fundamental miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). Chaney offers no explanation for his failure to pursue state remedies to their completion. Therefore, the undersigned finds that he cannot demonstrate cause for his failure to exhaust. Moreover, Chaney cannot demonstrate a fundamental miscarriage of justice because he has not demonstrated that he is actually innocent of the underlying conviction. *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008). To the contrary, Chaney pleaded guilty to the underlying charges. Chaney baldly asserts in his

6

response to the motion to dismiss that he is innocent of the burglary charges, but he fails to offer any evidence or even allegations of fact in support of this claim.  Because Chaney has failed to exhaust state remedies and failed to meet any of the exceptions for exhaustion, the undersigned concludes that in the alternative his petition may be dismissed for failure to exhaust.

**Evidentiary Hearing**

In the concluding paragraph of Chaney's response in opposition to the motion to dismiss, he requests an evidentiary hearing on his claims.  Doc. [18] at 8.  In certain limited circumstances a federal court may conduct an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); *Guillory v. Cain*, 303 F.3d 647, 650 n.5  (5th Cir. 2002).  Chaney has failed to demonstrate that an evidentiary hearing is warranted in this case.  There is no indication that he developed the factual basis of his claim in State court proceedings; his claim does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; he does not rely on a factual predicate that could not have been previously discovered through the exercise of due diligence; and he has not demonstrated that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense.  § 2254(e)(2)(A) & (B).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss be GRANTED and that Chaney's 28 U.S.C. § 2254 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 22nd day of December, 2014.

                        /s/ *Robert H. Walker*
                        ROBERT H. WALKER
                        UNITED STATES MAGISTRATE JUDGE