IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAY ANTHONY CHANEY**                                                            **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 1:13cv463-HSO-RHW**

**JIM HOOD**                                                                       **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OVERRULING
PETITIONER'S [22] OBJECTIONS, ADOPTING [20] PROPOSED
FINDINGS OF FACT AND RECOMMENDATION, GRANTING
RESPONDENT'S [15] MOTION TO DISMISS, AND DISMISSING
WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Ray Anthony Chaney's Objections [22] to the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker, which recommended that Respondent's [15] Motion to Dismiss be granted and that Petitioner's Petition pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. After thoroughly reviewing the Motion to Dismiss, the Proposed Findings of Fact and Recommendation, the Objections, the record, and relevant law, the Court finds that Petitioner's Objections [22] should be overruled and that the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] should be adopted as the finding of the Court. Respondent's Motion to Dismiss [15] should be granted, and Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus should be denied. This case will be dismissed with prejudice.

I. BACKGROUND

A.  State Court Conviction

On December 18, 1981, Petitioner Ray Anthony Chaney ("Petitioner") pled guilty to five counts of burglary and larceny of a dwelling in the Circuit Court of Jackson County, Mississippi. Sentencing Order [15-1] at 1. Petitioner, who was represented by legal counsel, received a ten-year sentence. *Id.* The Circuit Court placed Petitioner under the supervision of the Mississippi Department of Corrections and suspended the execution of Petitioner's sentence for a period of five years, "the suspension of this sentence to commence after the [Petitioner] has successfully completed the terms of [the] probation order." *Id.* The Circuit Court subsequently revoked Petitioner's probation on March 11, 1983. Order of Revocation [15-2] at 1. The Mississippi Department of Corrections ultimately released Petitioner from custody on February 24, 1997. Discharge Certificate [15-3] at 1. Petitioner now apparently challenges the 1981 conviction because he maintains that it was used to later enhance a federal sentence he received. Mem. Br. [1] at 1.

B.  Federal Court Conviction

On February 22, 2007, a federal grand jury returned a three-count Indictment against Petitioner for violations of 18 U.S.C. §§ 922(u), 922(j), and 922(g). *United States v. Ray Anthony Chaney*, 1:07cr12-LG-JMR, Indictment [3] at 1-3 (S.D. Miss. Feb. 22, 2007). Following a jury trial, Petitioner was found guilty on all three counts. On October 26, 2007, this Court sentenced Petitioner to

imprisonment for terms of "120 months as to Counts 1 and 2 and 235 months as to Count 3, to run concurrently and also to run concurrently with any sentence received from the State of Mississippi on these offenses." *United States v. Ray Anthony Chaney*, 1:07cr12-LG-JMR, J. [28] at 2 (S.D. Miss. Oct. 29, 2007). The Court also sentenced Petitioner to terms of "three years' supervised release as to Counts 1 and 2, and five years' supervised release as to Count 3, all to run concurrently." *Id.* at 3. Petitioner appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed Petitioner's conviction but declined to consider his ineffective assistance of counsel claim. *United States v. Ray Anthony Chaney*, No. 07-60884 (5th Cir. Nov. 13, 2008).

Petitioner filed a Motion to Vacate his federal conviction and sentence pursuant to 28 U.S.C. § 2255 on June 16, 2009, which this Court denied by Order entered on August 17, 2010. *United States v. Ray Anthony Chaney*, 1:07cr12-LG-JMR, Order [52] at 12 (S.D. Miss. Aug. 17, 2010). On March 1, 2011, the Fifth Circuit denied Petitioner's Motion for a Certificate of Appealability. *United States v. Chaney*, No. 10-60757 (5th Cir. Mar. 1, 2011).

C.   State Court Application for Post-Conviction Relief

On June 13, 2011, Petitioner filed a Petition for Post Conviction Collateral Relief in the Circuit Court of Jackson County, Mississippi. Petition [15-5] at 1. The Circuit Court summarily denied the Petition on August 18, 2011, finding that it was untimely and contained "no facts or supporting affidavits that would warrant the Court looking past the face of the Petition to determine that the plaintiff is not

entitled to any relief." Order [15-6] at 1. The Mississippi Court of Appeals affirmed the dismissal on September 10, 2013, holding that the Petition was beyond the State's three-year time limit for filing a state court motion for post-conviction relief and that Petitioner's bare assertions in support of his ineffective assistance of counsel claims were insufficient. Op. [15-7] at 2-3. Petitioner did not file a petition for writ of certiorari with the Mississippi Supreme Court.

D.  The Present Petition for Writ of Habeas Corpus

On December 9, 2013, Petitioner signed a Memorandum Brief in Support of Petitioner [sic] for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mem. Br. [1] at 1. The Clerk of Court filed the Memorandum Brief [1] as a § 2254 Petition for Writ of Habeas Corpus on December 12, 2013. Petitioner filed an Amended Petition [5] on January 27, 2014.

Respondent filed a Motion to Dismiss on July 17, 2014. Mot. [15] at 1. According to Respondent, assuming the "in custody" requirement of § 2254 is satisfied here, Petitioner cannot "attack his expired state court conviction because those prior convictions are 'conclusively valid.'" *Id.* at 3 (citations omitted). Respondent also maintains that the Petition is "untimely filed in violation of the one-year statute of limitations provision of the" Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that Petitioner's claims have never been presented to the State's highest court in a procedurally proper manner. As such, this Court is barred from reviewing those claims. *Id.* at 6, 10-11. Respondent argues that the Petition should be dismissed with prejudice. *Id.* at 14.

The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [20] on December 22, 2014. The Magistrate Judge determined that, regardless of whether Petitioner meets the "in custody" requirement of § 2254, the Petition should be dismissed on at least three other grounds. First, the Magistrate Judge found that collateral attack was unavailable because Petitioner's prior state court conviction is conclusively valid and may not be challenged pursuant to either § 2254 or § 2255. Proposed Findings of Fact and Recommendation [20] at 2-3. Second, the Magistrate Judge determined that the Petition should be dismissed as untimely because it is barred by the one-year limitations period under the AEDPA and Petitioner is not entitled to any statutory or equitable tolling. *Id.* at 3-5. Third, the Magistrate Judge concluded that Petitioner failed to exhaust state court remedies, and if he were to attempt to do so at this juncture, any motion for post-conviction relief would be considered successive and dismissed as procedurally barred. *Id.* at 5-6. Because Petitioner had not shown cause for the non-exhaustion and prejudice, or a fundamental miscarriage of justice, the Magistrate Judge determined that the Petition should be dismissed for failure to exhaust. *Id.* at 6-7.

Petitioner submitted Objections to the Proposed Findings of Fact and Recommendation [22], asserting that he meets the "in custody" requirement of § 2254 and urging the Court to excuse any procedural defaults. Petitioner maintains that equitable tolling applies to excuse his untimely Petition and that he has made out a prima facie case of actual innocence which overcomes the procedural bars in

this case. Obj. [22] at 2-4. Petitioner also asserts that his state court trial counsel was ineffective in various respects related to his guilty plea in Circuit Court. *Id.* at 3-4.

## II. DISCUSSION

A.    Standard of Review

Because Petitioner has filed written Objections [22] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [20], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.    Analysis

    1.    Petitioner's State Court Conviction Is Conclusively Valid

The United States Supreme Court has held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels* [*v. United States*, 523 U.S. 374, 382 (2001)]. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground

that the prior conviction was unconstitutionally obtained. *Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 403–04 (2001). The Supreme Court has recognized an exception to this rule. *See id.* at 404. "[T]he failure to appoint counsel for an indigent is a unique constitutional defect rising to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations." *Id.*

The exception recognized in *Lackawanna* is inapplicable to the present case. Petitioner concedes that he was represented by counsel throughout the state trial court proceedings. *See id.* Because Petitioner's state court conviction is "no longer open to direct or collateral attack in its own right" and is "conclusively valid," the Magistrate Judge correctly determined that this Court cannot review Petitioner's § 2254 Petition. *See id.* at 403-04. Petitioner's Objections on this point should be overruled.

    2.    <u>The Petition is Time Barred</u>

The Magistrate Judge also determined that the Petition should be dismissed as untimely because it is barred by the AEDPA's one-year limitations period. Because Petitioner's state court judgment became final prior to the April 24, 1996, enactment date of AEDPA, he was afforded a one-year grace period, meaning that the Petition must have been filed on or before April 24, 1997, to be considered timely. *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner filed his original Petition in this case over 16 years after this deadline had already passed. Therefore, unless equitable tolling applies, the Petition is time-barred. *See In re*

*Campbell*, 750 F.3d 523, 532-33 (5th Cir. 2014).

"[P]ursuant to § 2244(d)(2), a properly filed state post-conviction application tolls any AEDPA limitations period, including the one-year grace period, throughout the entire time during which the application is pending." *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004) (quotations omitted). Petitioner has not asserted that this statutory tolling provision is applicable, and the Court agrees with the Magistrate Judge that statutory tolling is not applicable under the circumstances. Petitioner did not file any post-conviction motions in state court before or during the one-year AEDPA grace period.

"Equitable tolling is to be applied restrictively and should be entertained only in cases presenting rare and exceptional circumstances where it is necessary to preserve a plaintiffs [sic] claims when strict application of the statute of limitations would be inequitable." *Campbell*, 750 F.3d at 533 (quotation omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). The Court agrees with the Magistrate Judge that Petitioner has not shown that he pursued his rights diligently and has not identified any extraordinary circumstances which would warrant tolling the AEDPA limitations period for over 16 years. *See id.*

Petitioner argues in his Objections that the AEDPA statutory deadline should not apply because he claims actual innocence of the prior burglary charges to

which he pled guilty in state court. Obj. [22] at 3. The Supreme Court has recognized that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). This exception has applied where a court was "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence . . . ." *Id.* at 1935. In the present case, however, Petitioner makes only a conclusory allegation of innocence which is insufficient to raise a convincing claim. *See id.* Petitioner did not allege any evidence or specific facts which would tend to support his conclusory assertion of actual innocence. In sum, equitable tolling does not apply, and the Petition is barred by the one-year limitations period of the AEDPA. Petitioner's Objections in this regard will be overruled.

       3.    <u>Petitioner Failed to Exhaust State Remedies</u>

The Magistrate Judge determined, in the alternative, that the Petition should be dismissed because Petitioner failed to exhaust state remedies. Proposed Findings of Fact and Recommendation [20] at 5. The Court agrees. Petitioner failed to present his claims for post-conviction relief to Mississippi's highest court in a procedurally proper manner, and there can be no dispute that the time to do so has passed. If Petitioner attempted to return to state court to satisfy the exhaustion requirement, the state court would now find the motion successive and the claim procedurally barred. *See* Miss. Code §§ 99-39-23(6) & 99-39-27(9); *Sneed v. State*, 722 So. 2d 1255, 1256 (Miss. 1998). Thus, Petitioner's failure to present his

claims to the Mississippi Supreme Court has resulted in a procedural default of all of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

According to the Supreme Court,

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court "recognize[s] the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Id.*

In this case, Petitioner has not demonstrated cause and prejudice to overcome the default. Nor has Petitioner shown a fundamental miscarriage of justice. "[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000) (quotation omitted). Petitioner pled guilty to the underlying state charges. Petitioner's conclusory allegation of innocence is insufficient; he has not shown as a factual matter that he did not commit the burglaries for which he pled guilty. Petitioner's Objections regarding exhaustion will be overruled.

Petitioner also appears to ask in his Objections that the Court to allow him

-10-

Case 1:13-cv-00463-HSO-RHW   Document 25   Filed 03/03/15   Page 11 of 12

the "option of withdrawing either unexhausted claims and proceeding only on exhausted claims, or of dismissing the entire mixed petition once all claims are exhausted." Obj. [22] at 5 (quoting *Olvera v. Giurbino*, 371 F.3d 569, 573 (9th Cir. 2004)). In *Olvera*, the Ninth Circuit Court of Appeals explained that a "mixed petition" is one containing exhausted and unexhausted claims. *Olvera*, 371 F.3d at 572. Petitioner's Petition is distinguishable because it contains no exhausted claims. Petitioner's Objections will be overruled.

### III. CONCLUSION

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Proposed Findings of Fact and Recommendation. To the extent the Court has not addressed any of Petitioner's arguments, it has considered them and determined that they would not alter the result. Petitioner's Objections [22] should be overruled, and the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] should be adopted as the finding of the Court. Respondent's Motion to Dismiss should be granted, and Petitioner's Petition for Writ of Habeas Corpus should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Ray Anthony Chaney's Objections [22] to the Proposed Findings of Fact and Recommendation [20] of United States Magistrate Judge Robert H. Walker are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation [20] is **ADOPTED** as the

finding of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss [15] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner Ray Anthony Chaney is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE